UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                       :

ELBERT D. JACKSON,                  :
                                         :

                  Plaintiff,     :                         

                                       :            19-CV-5351 (VSB)

          - against -        :

                                       :        **OPINION & ORDER**

                                       :

NEW YORK CITY TRANSIT AUTHORITY, :
LEONARD AKSELROD, TWU LOCAL 100, :
JOE COSTALES,                    :

                                       :

                  Defendants.  :

                                       :
-------------------------------------------------------X

<u>Appearances</u>:

Elbert D. Jackson
*Pro se Plaintiff*

Mariel Alyson Tanne
New York City Transit Authority
Brooklyn, New York
*Counsel for Defendants New York City Transit Authority and Leonard Akselrod*

Damien O. Maree
Colleran, O'hara & Mills L.L.P.
Woodbury, New York
*Counsel for Defendants TWU Local 100 and Joe Costales*

<u>VERNON S. BRODERICK, United States District Judge</u>:

        Before me are the motions of Defendants New York City Transit Authority ("NYCTA" or "TA") and Leonard Askelrod (together, the "TA Defendants") to dismiss Plaintiff Elbert Jackson's amended complaint, (Doc. 26 ("Amended Complaint" or "Am. Compl.")), and of Defendants TWU Local 100 and Jose "Joe" Costales (together, the "Union Defendants") to dismiss the Amended Complaint, (Doc. 32). For the reasons below, both motions are hereby

GRANTED.  Plaintiff's claim under Americans with Disabilities Act of 1990 against NYCTA

and his Title VII claim are DISMISSED without prejudice to file a motion for leave to file a

second amended complaint.  The rest of Plaintiff's claims in the Amended Complaint are

DISMISSED with prejudice.

## I.  __Factual Background__[1]

Plaintiff Jackson is a former employee of NYCTA.  (Compl. 3.) [2]  During his

employment, he suffered knee injuries and underwent at least three surgeries, which rendered

him disabled for the purposes of performing his work duties.  (*Id*. at 4.)  On May 31, 2018,

Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR");

according to the NYSDHR's Determination and Order After Investigation of Plaintiff's case,

dated November 26, 2018, (Doc. 38 Ex. C ("NYSDHR Order")),[3] Plaintiff alleged that he

"started receiving notices of employment termination . . . and . . . a write-up" while he was

disabled on the job, (*id*. at 2).  Plaintiff further alleged that he "followed all proper procedures

---

[1] The facts contained in this section are based upon the factual allegations set forth in Plaintiff's Amended Complaint and all documents referenced in and/or integral to it.  *See infra* n. 2; *see also Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) ("A complaint is . . . deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." (citation omitted)).  I assume the allegations therein to be true in considering the motions to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  My reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to Plaintiff's complaint filed on June 6, 2019.  (Doc. 2.)  In his Amended Complaint, Plaintiff asked me to "accept this letter as a formal amendment to [his] original complaint."  (Am. Compl. 1.)  However, Plaintiff did not repeat his allegations from the original Complaint in his Amended Complaint, but merely provided supplemental information regarding his claims.  Therefore, in deciding the instant motions to dismiss, I will treat the Complaint as referenced in and/or integral to the Amended Complaint.  *See Cohen*, 897 F.3d at 80; *see also Gunn v. Malani*, No. 20-CV-2681 (KMK), 2021 WL 5507057, at *4 (S.D.N.Y. Nov. 23, 2021) (noting that a court may consider materials outside the complaint of a pro se plaintiff "to the extent that they are consistent with the allegations in the complaint" (citation omitted)).  The pages referenced to in the Complaint and the Amended Complaint are the page numbers assigned to that document by the Court's electronic filing system.

[3] I draw upon the findings in the NYSDHR Order as necessary to clarify Plaintiff's pleadings.  *Denicolo v. Bd. of Educ.*, 328 F. Supp. 3d 204, 209 (S.D.N.Y. 2018) ("A court may . . . take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment."  (citation omitted)).  The pages referenced to in the NYSDHR Order are the page numbers assigned to that document by the Court's electronic filing system.

and gave the employer the proper documentation from his doctor that stated that [he] cannot travel at the time, [but] he was still terminated from his job." (*Id*.)  Plaintiff therefore charged NYCTA with discrimination based on disability and age. (*Id*.)

NYSDHR found no support for Plaintiff's allegation of discrimination and dismissed his case. (*Id*. at 3.)  Specifically, NYSDHR found that the documentation submitted by NYCTA demonstrated that the termination of Plaintiff's employment came after NYCTA's investigation of Plaintiff's Worker's Compensation injury claim. (*Id*. at 2.)  The record demonstrates that the NYCTA investigation resulted in disciplinary charges being brought up against Plaintiff "for violating [NYCTA]'s Dual Employment Policy and for submitting falsified statements." (*Id*. at 2–3.)  A disciplinary hearing was scheduled after the investigation and then rescheduled after Plaintiff informed NYCTA that he could not attend on the initial date of the hearing. (*Id*. at 3.)  Although Plaintiff was notified of the consequences of not showing up for his second hearing, he failed to appear at the second hearing. (*Id*.)  Under the Collective Bargaining Agreement ("CBA") between NYCTA and Plaintiff's union, TWU Local 100, his second failure to appear at the hearing resulted in his grievance being deemed "abandoned," and Plaintiff's employment was terminated as a penalty for his second failure to appear. (*Id*.)

After receiving the NYSDHR Order, Plaintiff sought review of the dismissal from the Equal Employment Opportunity Commission ("EEOC") on December 9, 2018. (Compl. 13.)  In a letter from EEOC dated April 17, 2019, Plaintiff was notified that his case against NYCTA was "deleted" because his previously-filed NYSDHR case contained similar allegations. (*Id*. at 8.)  The EEOC letter also noted that Plaintiff's NYSDHR case had been closed since November 26, 2018, and that he had been issued notice of right-to-sue by the EEOC, "allowing [him] to file suit in federal court based on [his] allegations, if [he] so chose within 90 days of receiving the

Notice."  (*Id.*)

Plaintiff now brings this action against NYCTA and Leonard Akselrod, the Director of Labor Relations of NYCTA at the time, alleging violation of Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 2601 to 2654, and New York City Human Rights Law ("CHRL"), N.Y. City Admin. Code §§ 8-101 to 131.  (*Id.* at 3–4.)  Plaintiff also filed a claim against TWU Local 100 and Jose "Joe" Costales, a Vice President of TWU Local 100 at the time, for "mishandling" his disciplinary matter at NYCTA.  (*Id.* at 2–3; Am. Compl. 2.)

According to the NYSDHR Order, NYCTA alleged that Plaintiff had not yet availed himself of the express remedy under the CBA to "appeal his 'abandonment' determination." (NYSDHR Order 3.)

## II.    **Procedural History**

Plaintiff filed his Complaint on June 6, 2019.  (Doc. 2.)  On September 16, 2019, the Union Defendants filed their motion to dismiss Plaintiff's Complaint.  (Docs. 15.)  On October 7, 2019, Plaintiff filed his Amended Complaint.  (Doc. 26.)  On October 25, 2019, the Union Defendants filed their motion to dismiss Plaintiff's Amended Complaint.  (Docs. 29.)  On November 7, 2019, the TA Defendants filed their motion to dismiss Plaintiff's Amended Complaint.  (Docs. 38, 40.)  On December 6, 2019, Plaintiff filed his opposition to Defendants' motions to dismiss.  (Doc. 39.)[4]  On December 19, 2019, the TA Defendants filed their reply to Plaintiff's opposition.  (Doc. 40.)  On December 20, 2019, the Union Defendants filed their reply to Plaintiff's opposition.  (Doc. 41.)

---

[4] In his letter dated December 6, 2019, Plaintiff again asked me to "accept this letter as the formal and corrected amendment to [his Amended Complaint.]"  (Doc. 39 at 1.)  However, the major portion of this letter relates to his objections to Defendants' motions to dismiss; although Plaintiff made certain additional allegations regarding his claims in this letter, he did not repeat all of his allegations from the original Complaint or the Amended Complaint, and these additional allegations are not material to my decision of the instant motions.  Therefore, I will treat this letter as Plaintiff's opposition to Defendants' motions to dismiss, instead of a second amended complaint.

### III.   <u>Legal Standards</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard requires "more than a sheer possibility that a defendant has acted unlawfully."

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237.  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*  "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint."  *Cohen*, 897 F.3d at 80; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed," *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and pro se pleadings should be read "to raise the strongest arguments that they suggest," *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating

that the submissions of pro se litigants are "held to less stringent standards than formal pleadings

drafted by lawyers" (internal quotation marks omitted)); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.

1994) (recognizing that pro se litigants should be accorded "special solicitude").  However, pro

se status "does not exempt a party from compliance with relevant rules of procedural and

substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir.

2006) (citation omitted).  Lastly, a court may dismiss a pro se complaint sua sponte for failure to

state a claim, as long as the plaintiff has been given an opportunity to be heard.  *See Sonds v. St.

Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 313 (S.D.N.Y. 2001) (citing *Thomas

v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991)).

## IV.   Discussion

### A.   *The CHRL Claims*

Plaintiff's claim under CHRL is subject to the election-of-remedies provision under

N.Y.C. Admin. Code § 8-502(a).  *See York v. Ass'n of the Bar*, 286 F.3d 122, 127 (2d Cir. 2002).

Section 8-502(a) provides that a plaintiff who has a CHRL discrimination claim can file a case in

court "unless such person has filed a complaint with the city commission on human rights or

with the state division of human rights with respect to [the] alleged unlawful discriminatory

practice."  In other words, "once [a CHRL claim is] brought before the NYSDHR, [it] may not

be brought again as a plenary action in another court."  *York*, 286 F.3d at 127.  Not only are the

identical claims precluded, but claims "arising out of the same incident on which [the NYSDHR]

complaint was based" are also barred.  *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F.

Supp. 3d 763, 789 (S.D.N.Y. 2019) (alteration in original).

There are two exceptions to the election-of-remedies provision where the claims are not

barred:  (1) when the claim filed with NYSDHR or other applicable local agencies is dismissed

for administrative convenience, and (2) when the complaint was referred from EEOC to

NYSDHR pursuant to the requirements of Title VII.  *See Sayed v. Hilton Hotels Corp.*, No. 07

Civ. 11173 (DC), 2008 WL 3362828, at \*4 (S.D.N.Y. Aug. 7, 2008) (citing N.Y. Exec. Law §

297(9)).

### 1.   The CHRL Claims Against the TA Defendants

Here, although Plaintiff claimed only New York State Human Rights Law (SHRL)

violation against NYCTA in his NYSDHR complaint, (*see* NYSDHR Order 2), his current claim

against NYCTA under CHRL "aris[es] out of the same incident on which [his NYSDHR]

complaint was based," *Alvarado*, 404 F. Supp. 3d at 789.  Both claims arise out of NYCTA's

termination of Plaintiff's employment after he suffered his knee injuries.  No exception to the

election-of-remedies provision applies, because Plaintiff's NYSDHR case was not filed by the

EEOC, and NYSDHR dismissed Plaintiff's claim for lack of probable cause, not for

administrative convenience.  Therefore, Plaintiff's CHRL claims against NYCTA is barred under

section 8-502(a).  His claim against Askelrod arises out of the same incident and thus is also

barred; this is so even though Askelrod was not named a defendant in the NYSDHR case.  *See*

*Sayed*, 2008 WL 3362828, at \*5 (dismissing all of plaintiff's CHRL claims where his previous

proceeding before NYSDHR involved SHRL claims that arose out of the same facts, despite that

some of the defendants were not named in the NYSDHR complaint); *see also Chakraborty v.*

*Soto*, 16 Civ. 9128 (KPF), 2017 WL 5157616, at \*8 (S.D.N.Y. Nov. 6, 2017) ("[P]laintiff

[cannot] evade the derivative bar [of section 8-502(a)] by suing a defendant who was not named

in his NYSDHR or NYCCHR proceeding."); *Bonilla v. City of New York*, 18 Civ. 12142 (KPF),

2019 WL 6050757, at \*10 (S.D.N.Y. Nov. 15, 2019) (same).

### 2. The CHRL Claims Against the Union Defendants

To the extent that Plaintiff's CHRL claim against the Union Defendants arise out of the termination of his employment, such claims are similarly barred by section 8-502(a). *See supra*. Even if I liberally construe the claims as arising under N.Y. Admin. Code. § 8-107(1)(c), which prohibits labor organizations from discriminating against its members based on the member's disability, such claims still fail on the merits.

CHRL discrimination claims are analyzed "separately and independently from any federal and state law claims" of discrimination, *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013), and are viewed "more liberally than their federal and state counterparts," *Loeffler v. Staten Island Univ. Hosp.*, 582 F. 3d 268, 278 (2d. Cir. 2009). To state a claim of discrimination under CHRL, a plaintiff only needs to show "differential treatment of any degree based on a discriminatory motive." *Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014) (citing *Mihalik*, 715 F.3d at 114). However, "[e]ven under this minimal standard, a plaintiff must plausibly allege that . . . she was subjected to unequal treatment because of her protected characteristic." *Wellington v. Spencer-Edwards*, 16 Civ. 6238 (AT) (JLC), 2017 WL 11512684, at *7 (S.D.N.Y. Sept. 28, 2017) (citing *Mihalik*, 715 F.3d at 110), *abrogated on other grounds by Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 100–101 & n.7 (2d Cir. 2020).

Here, Plaintiff makes the conclusory allegation that TWU Local 100 and Costales mishandled his case and did not follow the procedures in the CBA, (Am. Compl. 2), but he fails to allege any facts which plausibly suggest that the Union Defendants' conduct was even partially out of discrimination based on his disability. Because Plaintiff's pleadings cannot even pass this "minimal standard," his CHRL claims against both TWU Local 100 and Costales must

be dismissed.  *See Wellington*, 2017 WL 11512684, at *7.

**B.     *Fair Representation Claims***

This Court may construe Plaintiff's claims against the Union Defendants as claims of

violation of their duty of fair representation.  *See Boykin*, 521 F.3d at 214 ("A document filed *pro*

*se* is to be liberally construed." (internal citation omitted)).  Under both federal and New York

state law,[5] "to state a claim against a union for breach of its duty, a plaintiff must allege facts that

show either arbitrary, discriminatory or bad faith conduct on the part of the union."

*Cunningham*, 234 F. Supp. 2d at 397–98.  Plaintiff alleges that he provided TWU Local 100 with

"every single piece of medical documentation required and asked for," (Am. Compl. 1), and

"was under the impression that [Costales] was taking an active stand on [his] case," (Compl. 11);

still, NYCTA terminated Plaintiff's employment, and Costales later told him that "somebody

messed up here [in the union]."  (*Id.*)  The allegations may show that TWU Local 100's

representation of Plaintiff in this disciplinary matter was unsatisfactory or did not meet

Plaintiff's expectation, but these facts alone do not add up to a plausible showing that the union's

actions were "arbitrary, discriminatory, or in bad faith."  *See Bejjani v. Manhattan Sheraton*

*Corp.*, No. 12 Civ. 6618(JPO), 2013 WL 3237845, at *11 (S.D.N.Y. June 27, 2013) (citation

omitted) (noting that the threshold required to prove bad faith in a failure to represent claim is

high), *aff'd*, 567 F. App'x 60 (2d Cir. 2014)

Plaintiff suggests that Costales is lying in his affidavit when he states that he "do[es] not

---

[5] Courts in this district have held that a public employee cannot bring a claim against a union for breach of the federal duty of fair representation under National Labor Relations Act.  *See, e.g.*, *Cunningham v. Local 30, Int'l Union of Operating Eng'rs*, 234 F. Supp. 2d 383, 397 (S.D.N.Y. 2002).  The union, however, still owes a duty of fair representation under the New York State law. *See id.* at 397-98.  Local TWU 100 does not argue that the federal duty of fair representation does not apply to it.  In any event, "New York courts have followed the same general standard as federal courts in weighing claims by public employees alleging breaches of the duty of fair representation."  *Id.* at 398.

recall [Plaintiff] ever requesting that Local 100 file a grievance against [NYCTA], on his behalf, for discrimination due to disability." (Am. Compl. 2; *see also* Doc. 31, at 1.) However, Plaintiff nowhere claims that he asked TWU Local 100 to file a discrimination grievance; he only claims to have asked Costales to help him in his disciplinary matter. (*See* Am. Compl. 1–2.)

Therefore, to the extent Plaintiff's claims against the Union Defendants can be read as failure of representation claims, these claims also fail.

### C.   *The ADA Claims*

For ADA claims, "[a] plaintiff must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding to federal district court." *Fiscina v. N.Y.C. Dist. Council of Carpenters*, 401 F. Supp. 2d 345, 356 (S.D.N.Y. 2005), *aff'd*, 206 F. App'x 8 (2d Cir. 2006). A timely ADA claim in a federal district court must be filed within 90 days of the plaintiff's receipt of a right-to-sue letter from EEOC. 42 U.S.C. § 2000e-5(f)(1); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). There is a rebuttable "presumption" that (1) a right-to-sue letter provided by EEOC was mailed on the date shown on the notice, and that (2) the letter "is received three days after its mailing." *Tiberio*, 664 F.3d at 37; *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996).

### 1.   The ADA Claims Against the TA Defendants

The letter from EEOC to Plaintiff dated April 17, 2019 states that Plaintiff's "complaint with the NYSDHR has been closed since November 26, 2018, and [he was] issued a notice of Right to Sue by the EEOC, allowing [him] to file suit in federal court based on [his] allegations" within 90 days of receiving the right-to-sue letter. (Compl. 8.) Plaintiff filed this instant action on June 6, 2019. (Doc. 1.) Thus, in order for his ADA claim against NYCTA to be timely, his right-to-sue letter from EEOC needs to be dated on or after March 8, 2019—that is, within 90

days before June 6, 2019.  Plaintiff, however, provided neither the right-to-sue letter nor the date

on which such letter was mailed.  Therefore, even viewing the pleadings "in the light most

favorable to the plaintiff," *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir.

2013), I cannot find that Plaintiff's ADA claim against NYCTA was filed timely.  *See also, e.g.*,

*Winkfield v. Parkchester S. Condo. Inc.*, No. 11 Civ. 983(RA), 2013 WL 2626788, at *2–3

(S.D.N.Y. June 11, 2013) (dismissing plaintiff's Title VII charge without prejudice because he

failed to submit proof that he received a right-to-sue letter from the EEOC).

      With regard to Askelrod, there is no right of recovery against defendants in their

individual capacity under the ADA.  *Ivanov v. New York City Transit Auth.,* No. 13 Civ.

4280(PKC), 2014 WL 2600230, at *5 (S.D.N.Y. June 5, 2014); *Corr v. MTA Long Island Bus*,

27 F. Supp. 2d 359, 370 (E.D.N.Y. 1998) (noting "the overwhelming authority in the Second

Circuit" agreeing that Title VII's prohibition on individual liability is equally applicable to

claims under ADA), *aff'd*, 199 F.3d 1321 (2d Cir. 1999).  Here, in addition to the injunctive

relief of reinstating his pension and medical benefits and providing accommodation, Plaintiff

also seeks punitive damages.  (Compl. 6.)  As such, Askelrod, as an employee of NYCTA,

cannot be personally liable for such damages.  Therefore, Plaintiff's ADA claim against

Askelrod must be dismissed with prejudice.

### 2.  The ADA Claims Against the Union Defendants

      Plaintiff also alleges ADA claims against TWU Local 100 and Costales.  However,

Plaintiff never mentioned whether he first raised such claims before EEOC or any state or local

agency.[6]  Therefore, I cannot find that he exhausted his administrative remedies, and the ADA

---

[6] Even if Plaintiff had raised such claims in an administrative proceeding, he would still be subject to the 90-day limitation after the right-to-sue letter was issued.

claims against the Union Defendants must be dismissed.  *See Fiscina*, 401 F. Supp. 2d at 356.

### D. *Title VII Claim*

Plaintiff selected "Title VII of the Civil Rights Act of 1964" as a cause of action in his Complaint, which was based on the "Employment Discrimination Complaint" form provided by the court.  (*See* Compl. 3.)  However, Plaintiff did not indicate the basis of the Title VII discrimination (i.e., race, color, religion, sex, or national origin) as the instructions on the form direct.  Moreover, he did not allege any facts related to a discrimination claim or otherwise address this discrimination claim in any documents he has filed in this case.  Although I am obligated to construe Plaintiff's pleadings liberally, *Boykin*, 521 F.3d at 214, I cannot find that he has pleaded sufficient facts to make out a discrimination claim based on race, color, religion, sex, or national origin.  *See Pierre v. All. Sec. Servs.*, 18-CV-3189 (CM), 2018 WL 10808576, at *2 (S.D.N.Y. May 1, 2018) (dismissing plaintiff's Title VII claim when he only checked the box on the Employment Discrimination Complaint form but did not indicate the basis or discrimination or allege any facts that suggesting any discriminatory behavior); *see also Sonds*, 151 F. Supp. 2d at 313 (dismissing a pro se plaintiff's claims under Rule 12(b)(6) sua sponte).  More fundamentally and fatal to Plaintiff's claim, he failed to demonstrate that he has filed a case with EEOC and obtained a right-to-sue letter with regard to any Title VII discrimination claim as required by 42 U.S.C. § 2000e-5(e)(1).  Therefore, Plaintiff's Title VII claim must also be dismissed.[7]

---

[7] In any case, Plaintiff's employment discrimination claim under Title VII against the Union Defendants cannot survive because Plaintiff never alleges that he was an employee of TWU Local 100.  *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[T]o defeat a motion to dismiss . . . in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision."). The Union Defendants also point this out in their argument for dismissing Plaintiff's ADA claims.  (*See* Doc. 32, at 3.)

### V.      <u>Conclusion</u>

For the foregoing reasons, Plaintiff's claims against TWU Local 100, Costales, and

Askelrod are all DISMISSED with prejudice.  Plaintiff's CHRL claim against NYCTA is also

DISMISSED with prejudice.  Plaintiff's ADA claim against NYCTA and his Title VII claim are

DISMISSED without prejudice to file a motion for leave to file a second amended complaint on

or before February 25, 2022, with a copy of the proposed second amended complaint attached to

that motion.  Plaintiff shall include in his second amended complaint allegations related to any

right-to-sue letter from the EEOC with regard to Plaintiff's ADA and Title VII claims, and shall

also attach a copy of any right-to-sue letter.  If the right-to-sue letter is dated before March 8,

2019, Plaintiff shall further explain in the motion why the 90-day limitations period is not a bar

to his ADA claim against the NYCTA and his Title VII claim.  In other words, Plaintiff must

explain why the 90-day limitation period should be tolled.  If he does not have the right-to-sue

letter, Plaintiff shall indicate in the motion justifications for his failure to obtain such a letter and

why such failure should not be fatal to his claims.

The Clerk is respectfully directed to close the open motions on the docket and mail a

copy of this order to the pro se Plaintiff.


SO ORDERED.

Dated: January 14, 2022
　　　　New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge